UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1) | MAVERICK MART, LLC, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | |
| v. | | ) | Case No.: CIV-14-1165-F |
| | | ) | *(formerly Oklahoma County District* |
| 2) | NORTH STAR MUTUAL | ) | *Court Case No. CJ-2014-2891)* |
| | INSURANCE COMPANY, | ) | |
| 3) | THE INSURANCE CENTER | ) | |
| | AGENCY, INC., | ) | |
| 4) | MERIDIAN CLAIMS | ) | |
| | SERVICE, LLC, and | ) | |
| 5) | WES L. BUELL, | ) | |
| | | ) | |
| | Defendants. | ) | |

## DEFENDANT NORTH STAR MUTUAL
## INSURANCE COMPANY'S NOTICE OF REMOVAL

Submitted By,
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER
  & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       jerry@pclaw.org
             erin@pclaw.org
**ATTORNEYS FOR NORTH STAR MUTUAL
  INSURANCE COMPANY**

October 24, 2014

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT NORTH STAR MUTUAL INSURANCE
COMPANY'S NOTICE OF REMOVAL.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENTS AND AUTHORITY.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PROPOSITION I:   PLAINTIFF FAILS TO STATE A VALID CAUSE
OF ACTION AGAINST INDEPENDENT
ADJUSTERS MERIDIAN CLAIMS AND BUELL.. . . . . . . 7

PROPOSITION II:  PLAINTIFF FAILS TO STATE A VALID CAUSE
OF ACTION AGAINST INDEPENDENT AGENT,
THE INSURANCE CENTER AGENCY, INC.. . . . . . . . . . 13

# TABLE OF AUTHORITIES

## CASES

*Balog v. Jeff Bryan Transport, LTD*,
No. CIV-10-505-D, 2010 WL 3075288 (W.D. Okla. Aug. 5, 2010) ... . . . . . . . . . . 3

*Brown v. State Farm Fire & Cas. Co.*,
58 P.3d 217 (Okla. Civ. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cosper v. Farmers Ins. Co.*,
309 P.3d 147 (Okla. Civ. App. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Dodson v. Spiliada Maritime Corp.*,
951 F.2d 40 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gruenberg v. Aetna Ins. Co.*,
510 P.2d 1032 (Cal. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hamill v. Paw Tucket Mut. Ins. Co.*,
892 A.2d 226 (Vt. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Hyman v. Travelers, et al.*,
No. CIV-13-820-D 2014 WL 111942 (W.D. Okla. Jan. 10, 2014). . . . . . . . . . . . 19

*Liverpool and L&G Ins. Co. v. T.M. Richardson Lumber Co.*,
69 P. 936 (Okla. 1902). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Martin v. Franklin Capital Corp.*,
251 F.3d 1284 (10th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*McCurtain Cnty. Prod. Corp. v. Cowett*,
482 F. Supp. 809 (E.D. Okla. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McPhail v. Deere & Co.*,
529 F.3d 947 (10th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Meineke v. GAB Bus. Servs., Inc.*,
991 P.2d 267 (Az. Ct. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Neill v. State Farm, et al.*,
No. CIV-13-627-D, 2014 WL 223455 (W.D. Okla. Jan. 21, 2014). . . . . . . . . . . 19

*Rotan v. Farmers Ins. Group of Cos.*,
      83 P.3d 894 (Okla. Civ. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Slover v. The Equitable Variable Life Insurance Co.*,
      443 F. Supp. 2d 1272 (N.D. Okla. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

*Smith v. Allstate Vehicle & Property Insurance Co.*,
      No. CIV-14-0018-HE,
            2014 WL 1382488 (W.D. Okla. April 8, 2014). . . . . . . . . . . . 13-15, 17, 18

*Smoot v. Chicago, R.I. & P.R. Co.*,
      378 F.2d 879 (10th Cir. 1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

*St. Paul Reinsurance Co. v. Club Services Corp.*,
      30 Fed. Appx. 834 (10th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Swickey v. Silvey Cos.*,
      979 P.2d 266 (Okla. Civ. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Sycamore Family LLC v. Earthgrains Bakery Companies, Inc.*,
      No. 2:13-CV-00639-DN, 2013 WL 588 3868 (D. Utah Nov. 1, 2013) . . . . . . . . . 4

*Timmons v. Royal Globe Ins. Co.*,
      653 P.2d 907 (Okla. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wallace v. Allstate Insurance Co.*,
      CIV-12-0310-HE, 2012  WL 2060664 (W.D. Okla. June 7, 2012). . . . . . . . . . 9-12

*Wilson v. Republic Iron & Steel*,
      257 U.S. 92 (1921). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*,
      416 F. Supp. 2d 1081 (D. Kan.  2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Statutes

12 O.S. § 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

20 O.S. § 30.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1441. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1442. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1446. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

36 O.S. § 621. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**O**THER **A**UTHORITY

LCvR 81.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

## DEFENDANT NORTH STAR MUTUAL
## <u>INSURANCE COMPANY'S NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1442 and 1446, the Defendant, North Star Mutual Insurance Company ("North Star Mutual"), hereby removes the state court action, *Maverick Mart, LLC v. North Star Mutual Insurance Company, et al.*, Case No. CJ-2014-2891, from the District Court of Oklahoma County, state of Oklahoma, to this Court.  Pursuant to LCvR 81.2(a), a copy of the State docket sheet as well as all documents filed or served in the State Court action are attached hereto as **EXHIBITS 1-11**.  No other motions, pleadings or papers have been received by Defendant or filed in the state court case.

The basis of this removal is that the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, and that – due to the fraudulent joinder of non-diverse defendants – complete diversity exists between all underlying <u>proper</u> parties.   In further support, North Star Mutual submits the following.

1.      Upon information and belief, Plaintiff was a corporation formed under the laws of the state of Oklahoma with its principal place of business in the state of Oklahoma.  (*See* Petition, ¶1, **EXHIBIT 2**; Oklahoma Secretary of State documents, **EXHIBIT 12**.)

2.      According to Plaintiff's Petition, North Star Mutual is organized under the laws of the state of Minnesota. (*See* Petition, ¶2, **EXHIBIT 2**.)

3.      According to Plaintiff's Petition, Defendant, The Insurance Center Agency, Inc. ("The Insurance Center"), is an insurance agency incorporated under the laws of the state of Oklahoma with its principal place of business in Oklahoma.  (*See* Petition, ¶3, **EXHIBIT 2**.)

1

4.     Plaintiff alleges that Defendant Meridian Claims Services, LLC ("Meridian Claims") is a "corporation authorized to conduct business in the state of Oklahoma," but the Petition is silent as to the domicile of said company.  Upon information and belief, Meridian Claims is domiciled in Oklahoma.

5.     According to Plaintiff's Petition, Defendant Wes L. Buell ("Buell") is "licensed as an insurance adjuster in the state of Oklahoma."  But the Petition is silent as to Defendant Buell's citizenship.  Upon information and belief, Defendant Buell is a citizen of Oklahoma.

6.     North Star Mutual submits that Defendants, The Insurance Center, Meridian Claims, and Buell were fraudulently joined for the purposes of attempting to defeat federal diversity jurisdiction.  This proposition will be discussed in greater detail below.

7.     Plaintiff is suing North Star Mutual for breach of contract and bad faith in connection with North Star Mutual's allegedly inadequate payment for losses allegedly sustained as a result of a wind/hailstorm.  In its Petition, Plaintiff failed to follow the clear and unambiguous language of 12 O.S. § 2008(2), which requires a Plaintiff to state whether it seeks more or less than "the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United State Code."  Instead, Plaintiff improperly claims damages "in excess of $10,000" on at least six of its eight theories of liability.  However, Plaintiff also prays, among other things, for "payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to its dwelling and personal property caused by the May 31, 2013, wind/hailstorm, together with interest on all amounts due[.]" (Petition, p.18, **EXHIBIT 2**.)

8.      On July 30, 2014, Plaintiff's counsel sent a demand for payment of additional benefits.   Specifically, Plaintiff's counsel points out North Stars Mutual's payment of $47,117.89 was inadequate because Plaintiff's contractor's estimate was in the amount of $299,707.47.  (*See* correspondence from Phillip N. Sanov to Mrs. Goepferich, dated July 30, 2014 **EXHIBIT 13**.)   Accordingly, because Plaintiff seeks by way of the present lawsuit "payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance," and because as of July 2014, Plaintiff was alleging North Star Mutual owed an additional $252,589.58, it is clear that more than $75,000.00 is at issue.  Moreover, Plaintiff also seeks "compensatory damages," "disgorgment of increased financial benefits derived by Defendants," "actual and punitive damages," and "attorney fees, costs and interest."   This further demonstrates the amount in controversy exceeds that required for diversity jurisdiction. *See Balog v. Jeff Bryan Transport, LTD*, No. CIV-10-505-D, 2010 WL 3075288, at *3 (W.D. Okla. Aug. 5, 2010) (stating "[j]urisdictional facts may be proven by using 'contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference **to the plaintiff's informal estimates** or settlement demands[;] or by introducing evidence.'" (alterations in original, emphasis added) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008)).

9.      Plaintiff filed the present case in the District Court of Oklahoma, Oklahoma, CJ-2014-2891, on May 19, 2014.  Pursuant to 36 O.S. § 621, service of process against this Defendant was allegedly accomplished through Oklahoma Insurance Commissioner on October 9, 2014.  (*See* Proof of Service filed by Plaintiff, **EXHIBIT 5**.)

3

10.     Disregarding the non-diverse Defendants who North Star Mutual submit were fraudulently joined, the remaining controversy is between parties who are residents of different states, with alleged damages in excess of $75,000.00.   Therefore, removal jurisdiction exists pursuant to 28 U.S.C. § 1441(a) on the grounds that the federal court has diversity jurisdiction under 28 U.S.C. § 1332.

11.     This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. § 1446(b), because this Notice was filed within 30 days of service upon North Star Mutual.

12.     At the time of this removal, Defendant Meridian Claim's Motion to Dismiss is pending in the District Court for Oklahoma County.

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on counsel for Plaintiff, and copy of this Notice of Removal will be filed with the Clerk of the District Court of Oklahoma County, state of Oklahoma.   Pursuant to LCvR 81.2, copies of all documents filed or served in the state court action, as well as a copy of the docket sheet in the state court action, are filed contemporaneously herewith and adopted herein by reference.   No other pleadings have been received by Defendant or filed in this case.

14.     Although § 1446 has generally been interpreted to mean that all defendants in multi-defendant cases must join in the petition for removal or consent to such actions, there are exceptions to this rule.   *See McCurtain Cnty. Prod. Corp. v. Cowett*, 482 F. Supp. 809, 812 (E.D. Okla. 1978). "An improperly joined party is not required to join in the removal petition." *Id.* at 813; *See also Sycamore Family LLC v. Earthgrains Bakery Companies, Inc.*,

4

No. 2:13-CV-00639-DN, 2013 WL 588 3868, at *2 & n. 21 (D. Utah Nov. 1, 2013) (collecting cases).

15.     With regard to the issue of improper or fraudulent joinder, Defendant submits the following Arguments and Authorities.

### ARGUMENTS AND AUTHORITY

Any Defendant who has been fraudulently joined must be ignored for diversity purposes. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Despite the nomenclature, fraudulent joinder "does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006). The reason for this doctrine is that a plaintiff who joins a non-diverse defendant with the sole purpose of defeating removal is acting unfairly toward the non-diverse defendant, who should not be a party, and to the diverse defendant, whose statutory right is unjustly prohibited. *Wilson v. Republic Iron & Steel*, 257 U.S. 92 (1921).

As the removing party, a defendant bears the burden of establishing that jurisdiction is proper. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Assuming that the requisite amount in controversy can be satisfied, a removing defendant does not have to show that the plaintiff committed outright "fraud" in pleading the jurisdictional facts. Rather, the removing defendant can simply show that there is no real

5

possibility of recovery against the non-diverse defendant.  *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 & n. 3 (5th Cir. 1992).

In *Slover v. The Equitable Variable Life Insurance Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006),  the court discussed the protocol for situations in which a defendant believes that non-diverse co-defendants have been improperly joined:

> Because Defendants have alleged fraudulent joinder, the Court may pierce the pleadings. *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1113 (D.Colo. 2000). Thus, the Court may consider certain underlying facts--such as the insurance policy at issue here--to determine whether the non-diverse parties are proper. *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir.1967) ("[U]pon specific allegations of fraudulent joiner the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (Internal citations omitted). The standard, however, is stringent, and the Court must resolve any ambiguities in Plaintiffs' favor.  *Martin*, 251 F.3d at 1289-90 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

*Id.* at 1276.  The Northern District of Oklahoma went on to say:

> "If outright fraud in the pleading of jurisdictional facts cannot be proven, ***the question becomes more closely akin to that of whether the plaintiff has properly stated a claim upon which relief may be granted*** under FED.R.CIV.P. 12(b)(6).  *See Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989); *Fine v. Braniff Airways, Inc.*, 302 F.Supp. 496, 497 (W.D. Okla. 1969).

*Id.* at 1278 -1279 (emphasis added).  The *Slover* court concluded by making the succinct but meaningful observation that "if the plaintiff clearly cannot maintain a state law claim against

the non-diverse defendant . . . such defendant shall be considered fraudulently joined." *Id*. at 1279.

### SUMMARY OF ARGUMENT

In the present case, North Star Mutual submits that the precise issues here – i.e., whether an insured can state a valid cause of action against an independent adjuster hired by an insurer to investigate a loss, whether anyone other than the insurer (i.e., the party to the insurance contract) owes an insured a duty of good faith, and whether an insured can state a valid cause of action against an insurance agent with vague allegations regarding Plaintiff's purported request for "adequate" coverage – have all been addressed.  And, all questions were answered in the negative.  That is, there is no valid, independent cause of action by an insured against an independent adjuster who adjusts the insured's loss on behalf of an insurer (whether couched in terms of negligence or bad faith).  This Court also recently determined that vague allegations about a purported request for "adequate" coverage, no matter how a plaintiff might attempt to disguise or dress-up the allegations, will not support any theory of recovery against an insurance agent.

### DISCUSSION

**PROPOSITION I:  PLAINTIFF FAILS TO STATE A VALID CAUSE OF ACTION AGAINST INDEPENDENT ADJUSTERS MERIDIAN CLAIMS AND BUELL.**

Plaintiff's Petition alleges that Meridian Claims and Buell (the "adjuster Defendants") owed Plaintiff a duty of good faith and fair dealing.  (*See* Petition, ¶¶24-33, **EXHIBIT 2**.) This is the only theory of liability in Plaintiff's Petition directed towards Meridian Claims

7

and Buell.  Plaintiff, however, does not even allege that the adjusting company and the individual adjuster – Meridian Claims and Buell – were parties to the contract (*See* Petition, ¶¶1-14, **Exhibit 2**.)  In fact, Plaintiff alleges only that North Star Mutual and Plaintiff were parties to the insurance contract.  (*See* Petition, ¶6, **Exhibit 2**.)

Thirty-two years ago, in the case of *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907 (Okla. 1982), the Oklahoma Supreme Court recognized that "non-insurer defendants" are <u>not</u> subject to the implied duty of good faith and fair dealing.  *Timmons* at 912 (quoting *Gruenberg v. Aetna Ins. Co.*, 510 P.2d 1032 (Cal. 1973)).  Similarly, in *St. Paul Reinsurance Co. v. Club Services Corp.*, 30 Fed. Appx. 834 (10th Cir. 2002) (unpublished), an insurance company sued the insurance agent in an attempt to recover amounts that the insurer paid to settle a bad faith claim brought against it by a purported insured.  In dispensing of the case, the Tenth Circuit Court of Appeals stated:

> The district court relied primarily on two cases establishing that, in Oklahoma, agents like Mr. Martin and Club Services cannot be liable for breach of the covenant of fair dealing.  See *Hayes v. Jackson National Life Ins. Co.*, 105 F.3d 583, 590 (10th Cir. 1997) ("under Oklahoma law, the alleged knowledge and acts of the agent at the time of the application [are] not imputed to the principle for purposes of determining whether the principle acted in bad faith"); *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 912 (Okla. 1982) (holding that an agent, as a **<u>stranger to an insurance contract</u>**, cannot be held to breach an implied covenant of fair dealing).  We agree with the district court that Mr. Martin and Club Services cannot be held liable for any bad faith attributable to St. Paul in dealing with Ms. Wilson.

*Id*. at 836 (emphasis added).

Obviously, Plaintiff's attempt to articulate a "bad faith" theory of liability against Meridian Claims and Buell is patently misplaced.  It should also be noted that even if Plaintiff attempts to argue its Petition somehow articulates a "negligence" cause of action against Meridian Claims and Buell, under Oklahoma law, it still fails to assert a valid cause of action.

In June 2012, this Court was faced with this precise issue.  The Honorable Joe Heaton determined that under Oklahoma law there is no valid cause of action for negligence by an insured against an independent adjuster who has been hired by the insurer to investigate the insured's claim.  More specifically, in *Wallace v. Allstate Insurance Co.*, CIV-12-0310-HE, 2012  WL 2060664 (W.D. Okla. June 7, 2012), the plaintiff sued Allstate for breach of contract and bad faith, and also sued the independent adjuster for negligence.  Allstate removed the action to federal court, asserting that, even though the independent adjuster was a non-diverse defendant removal was nonetheless proper because the independent adjuster had been "fraudulently joined."  *Id.* at *1.

The plaintiff moved to remand the case back to state court.  After the matter was fully briefed, Judge Heaton framed the issue as follows:

> The dispositive issue as to both the Motion to Remand and the Motion to Dismiss is whether, under Oklahoma law, an independent insurance adjuster hired by an insurer to investigate a claim owes a duty to the insured to conduct a fair and reasonable investigation.

*Id.* at *1.

The plaintiff in *Wallace* attempted to rely upon a 2002 decision from the Oklahoma Court of Civil Appeals.  Specifically, the plaintiff believed her position was supported by *Brown v. State Farm Fire & Cas. Co.*, 58 P.3d 217 (Okla. Civ. App. 2002), in which the court determined that an insurance investigator hired by an insurance company to investigate the cause of a fire at the insured's property owed a duty to the insured to conduct a fair and reasonable investigation.  *Id.* at *1.  However, Allstate argued, and Judge Heaton agreed, that *Brown* was not only fundamentally flawed in its analysis, but that it improperly relied upon a scant minority of decisions across the country.  Significantly, Judge Heaton also correctly recognized that *Brown* has "no precedential value" because it was released for publication not by the Oklahoma Supreme Court, but merely by the Court of Civil Appeals.  *Id.* at *1, (*citing* 20 O.S. § 30.5).

Judge Heaton properly observed that, in the context of an insurance claim, "it is 'the insurer that contractually controls the responsibilities of its adjuster and retains the ultimate power to deny coverage or pay a claim.  Subjecting adjusters to potential tort liability from insureds could create conflicting loyalties with respect to the adjusters' contractual obligation, given that insureds and insurers often disagree on the extent of coverage or the amount of damages.'" *Id.* at *2 (*quoting Hamill v. Paw Tucket Mut. Ins. Co.*, 892 A.2d 226, 257 (Vt. 2005)).  Judge Heaton also found the following passage from another state particularly applicable:

> The independent adjuster's obligation is measured by the contract between the adjuster and the insurer.  The adjuster that contracts to perform a $200 investigation is not obligated to extend the same effort that might be reasonable for a fee of

$2,000, nor is it obligated to continue when the insurer advises it to stop. Creating a separate duty from the adjuster to the insured would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instructions of its client, the insurer.

*Id.* at \*2 (*quoting Meineke v. GAB Bus. Servs., Inc.,* 991 P.2d 267, 268 (Az. Ct. App. 1999)).

Judge Heaton further agreed with the very practical point that "while insurers can define and limit their risks, and set their premiums commensurate with those risks . . . adjusters cannot circumscribe their potential risks, and thus could face potentially open-ended liability." *Id.* at \*2 (*quoting Hamill,* 892, A.2d at 231).

Judge Heaton ultimately agreed with Allstate and concluded that the Oklahoma Supreme Court would follow the majority view and not impose a duty on independent insurance adjusters that would subject them to negligence actions by insureds as the result of an allegedly mishandled claim." *Id.* at \*1. Judge Heaton articulated his reasoning as follows:

Recognizing a potential tort recovery in these circumstances would be inconsistent with the standards developed by Oklahoma as to the insured - insurer relationship. Allowing plaintiff's negligence claim to proceed against [the independent adjuster] would hold the adjuster to a lesser standard (mere negligence) than that required for an insurer to be liable in tort to its insured. *See Badillo v. Mid-Century Ins. Co.*, 121 P.3d 1080, 1094 (Okla. 2005) (more than "simple negligence" is required for an insurer to be held liable for bad faith); *Hamill*, 892 A.2d at 257 (noting the "unlikelihood that an action claiming negligent mishandling of a claim would be available against even the insurer"). It also conflicts with the Oklahoma Supreme Court's decision that, in the context of a coverage dispute between an insurer and an insured, unless the insured

11

proves bad faith, his recovery will be limited to damages for
breach of contract.

*Id.* at *2.  In this regard, Judge Heaton made the following important observation in footnote

7 of the opinion:

> The duty of good faith and fair dealing on the part of the insurer
> "is nondelegable so that insurers cannot escape it by delegating
> tasks to third parties."  *Wathor v. Mut. Assurance Adm'rs, Inc.*,
> 87 P.3d, 559, 562 (Okla. 2004).  Therefore, if the court follows
> *Brown,* an insurer, while responsible for the actions of an
> adjuster, could only be sued in contract if the adjuster was
> merely negligent, while the adjuster could be sued in tort.

*Id.* at n. 7.

Judge Heaton concluded that, "the Oklahoma Supreme Court would hold that an

independent insurance adjuster cannot be sued by an insured for mere negligence."  *Id.* at *3.

Notwithstanding the "heavy burden" placed on the party asserting fraudulent joinder, the

court found that Allstate "demonstrated that there is no possibility that [plaintiff] would be

able to establish a cause of action against [Summit] in state court."  *Id.*  Accordingly, Judge

Heaton denied the Motion to Remand and dismissed the cause of action against the

independent adjuster.

Applying this Court's reasoning in *Wallace* to the present cases can only result in one

conclusion: Plaintiff has not stated a valid claim against Defendants Meridian Claims and

Buell.  Therefore, these Defendants have been improperly joined and can be disregarded for

purposes of diversity jurisdiction.  *See Smoot*, 378 F.2d at 882.

**PROPOSITION II:**          **PLAINTIFF FAILS TO STATE A VALID CAUSE OF ACTION AGAINST INDEPENDENT AGENT, THE INSURANCE CENTER AGENCY, INC.**

In addition to its claims against the adjuster Defendants, Plaintiff asserts claims against The Insurance Center in an attempt to defeat diversity jurisdiction. This Court addressed similar allegations in *Smith v. Allstate Vehicle & Property Insurance Co.*, No. CIV-14-0018-HE 2014 WL 1382488 (W.D. Okla. April 8, 2014). In that case, the insured sued both Allstate and the insurance agent, Muse, in state court. The plaintiffs made several serious-sounding allegations, such as:

• The insurance they requested "was not procured as promised and plaintiffs suffered a loss."

• The agent represented that the replacement cost policy they purchased would "serve to replace their home and personal property without any deduction for depreciation, knowing that was not true."

• The agent "failed to advise them that they had to partially pay to replace property before they could actually recover the replacement cost benefits."

• The agent procured a policy that "did not serve to return their home and personal property to its pre-loss condition" and "did not accurately reflect the replacement cost of plaintiffs' dwelling."

• The agent "had a duty to accurately inform plaintiffs of all coverages, benefits, limitations, risks and exclusions."

• The agent "had a duty to monitor and review the policy procured for plaintiffs to ensure it provided appropriate and adequate coverage."

*Id.* at *2.

This Court concluded that "none of these allegations suffice to state a valid claim against Defendant Muse," regardless of whether couched in terms of negligent procurement,

negligent misrepresentation, or breach of fiduciary duty.  In making his determination, Judge Heaton provided a very thorough discussion of the applicable Oklahoma law which defines the very narrow duty of care an insurance agent owes a customer.

Judge Heaton pointed out that the Oklahoma Court of Civil Appeals held in *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999), that an agent has a duty to use reasonable care and diligence in the procurement of insurance and that an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss.  *Id.*  Judge Heaton also pointed out that no subsequent court has expanded the *Swickey* rationale, that subsequent Oklahoma decisions have explicitly determined that there is no duty upon an agent or insurer to advise an insured/customer as to coverage needs, and that a vague request for "adequate" coverage does not somehow broaden the duty of care. *Id.* at *2 (*quoting Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013); *Rotan v. Farmers Ins. Group of Cos.,* 83 P.3d 894, 895 (Okla. Civ. App. 2004)).

As in this case, the *Smith* plaintiffs also alleged that the insurance procured did "not accurately reflect the replacement cost" of the subject property.  Judge Heaton noted, however, that Oklahoma courts "have explicitly refused to impose a duty upon an insurer to provide an adequate amount of coverage when the insured did not request a specific amount of coverage." *Id*. at *2 (*quoting Cosper,* 309 P.2d at 149).  Judge Heaton concluded that, "because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold Muse accountable

14

under Oklahoma law for misconduct in conjunction with the procurement of their policy fails." *Id.*

In the present case, Plaintiff makes almost identical allegations against the agent, The Insurance Center, as the *Smith* plaintiffs made against *Allstate*. Indeed, the allegations bear such a resemblance to one another that the undersigned created a chart which compares the agent-related allegations in each case, attached hereto as **EXHIBIT 14**. (Additionally, the Petition from the *Smith v. Allstate* case is attached hereto as **EXHIBIT 15**.) Although the paragraph numbers are different in the two Petitions, the substance of the allegations against the agents are practically identical in both cases. If this Court concluded the various and sundry allegations by the insured in *Smith* did not pass muster, North Star Mutual submits that the same allegation should not pass muster in the present lawsuit.[1]

---

[1] It is not only remarkable that different insureds would articulate the same, exact factual allegations against different insurers under different sets of facts, with different agents, different adjusters, and different insurance policies, but it is truly astounding that this same boilerplate Petition has been filed in the following recent cases throughout Oklahoma by the same law firm:

1. *Mr. Perry Mary, Inc. v. Admiral Insurance Company, et al*; CJ-2014-22, Noble County;
2. *Country Gold, Inc. v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-136-02, Garfield County;
3. *Goldman, Inc. v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-135-03, Garfield County;
4. *Ahmed v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-3147, Oklahoma County;
5. *Snow White, LLC v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-610, Cleveland County;
6. *Community Funeral Home v. Hanover Insurance Company, et al.*; CJ-2014-106, Logan County;
7. *Bristow v. United Home Insurance Company, et al.*; CJ-2014-44, Murray County;

Indeed, the plaintiff in *Smith* even complained about the "two step payment process

to receive the replacement value of damaged property," as referenced by Judge Heaton.

Again, in the present case,  Plaintiff makes similar arguments/criticisms regarding the

manner in which the replacement cost provisions operate when there has been a loss.  Judge

Heaton correctly noted that, "while plaintiffs assert Muse had a duty to explain the process

for receiving replacement cost benefits, they cite no Oklahoma authority imposing such a

---

8.    *Siddique v. Casualty Corporation of America, et al.*; CJ-2014-608, Cleveland County;

9.    *Siddique v. Western Heritage Insurance Company, et al.*; CJ-2014-42, Murray County;

10.   *Wright v. National Lloyds Insurance Company, et al.*; CJ2104-47, Oklahoma County;

11.   *Talkington v. Casualty Corporation of America, et al.*; CJ-2014-54, Murray County;

12.   *McIntire v. Scottsdale Insurance Company, et al.*; CJ-2014-612, Oklahoma County;

13.   *Davenport v. Goodville Mutual Insurance Company, et al.*; CJ-2014-45, Murray County;

14.   *A&B Stores v. Liberty Mutual Insurance Company, et al.*; CJ-2014-2892, Oklahoma County;

15.   *Maverick Mart v. North Star Mutual Insurance Company, et al.*; CJ-2014-2891, Oklahoma County;

16.   *Metro Mart v. North Star Mutual Insurance Company, et al.*; CJ-2014-2916, Oklahoma County;

17.   *Sterr Foods, Inc. v. The Travelers Indemnity Company of America, et. al.*; CJ-2014-466, Cleveland County; and

18.   *Sterr Foods, Inc. v. The Travelers Indemnity Company of America, et. al.*; CJ-2014-467, Cleveland County.

19.   *Supermart #7 v. North Star Mutual Insurance Company*; CJ-2014-113, Logan County.

Surely it is not the case that, in every dispute between a property owner and insurer regarding the scope of loss or the loss payment provisions, the agent was somehow negligent in the procurement of coverage.

duty on an insurance [agent] and the court is aware of none." *Id*. at *3.  Judge Heaton went

on to observe as follows:

> ***Courts routinely reject insureds' attempts to hold their insurance agent or insurance company liable for failing to explain the terms of coverage.*** *E.g., Bell v. Allstate Ins. Co.*, 2005 WL 1353527, *9 (E.D.Pa. May 31, 2005) (insurer was not vicariously liable for agent's alleged negligent failure to explain "that the Policy would only provide coverage if he resided at the Property at the time of any loss," because agent "did not have a duty to counsel [the insured] about the collateral consequences of his homeowner's policy coverage"); see generally *Silver v. Slusher*, 770 P.2d 878, 883 (Okla.1989) ("As offeror, Farmers had no contractual duty voluntarily to explain the terms of its offer or the advantages and disadvantages to procuring UM coverage.").  Although an agent may be held accountable for failing to answer an insured's coverage questions accurately, he or she generally is ***not obligated to explain the policy terms to the insured***.  Rather, ***under Oklahoma law "[i]t is the duty of the insured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions,*** unless he alleges and proves that he was induced not to read the policy by trick or fraud of the other party." *National Fire Ins. Co. Of Hartford v. McCoy*, 239 P.2d 428, 430 (Okla.1951) (internal quotations omitted).

*Id.* (emphasis added).[2]  Judge Heaton then made the following poignant conclusion about the case in front of him:

> Plaintiffs do not assert they specifically asked Muse about the policy's payment terms or that he affirmatively misrepresented what they had to do to obtain replacement cost benefits.  Based on the facts pleaded in the petition and the further factual matters plaintiffs assert they could prove, the court concludes that Muse ***did not breach a duty owed to plaintiffs when he did not explain the benefits payment process to them.***

*Id.*  It follows that the same allegations in the present case also fail to establish any breach of duty by the alleged failure of the agent to "explain the benefits payment process" to Plaintiff.

Finally, Judge Heaton addressed the "breach of fiduciary duty" claim.  Judge Heaton succinctly noted that "Oklahoma courts have not imposed a fiduciary duty on an insurance agent to a prospective insured or to an established customer with respect to procurement of an additional policy . . . and the facts pleaded do not warrant extending the law to impose a fiduciary duty here."  *Id*. at *4, (*quoting Swickey*, 979 P.2d at 269; *Cosper*, 309 P.3d at 150).

Accordingly, Judge Heaton found that fraudulent joinder had been established due to the

---

[2] Similarly, in *Slover*, Judge Payne evaluated whether certain resident insurance agents had been improperly joined to defeat diversity.  In rendering his decision, Judge Payne first recognized that, with regard to claims of negligent misrepresentation by an agent, "oral discussions in pre-contract negotiations <u>are merged into, and superceded by, the terms of an executed writing</u>."  *Id*. at 1281 (emphasis added).  Judge Payne also pointed out that an insured cannot turn a blind eye to the terms of an insurance policy because, in Oklahoma, insureds have a duty to examine, read, and know the contents of the policy before accepting and paying the premium therefore.  *Id*. at 1283.  The court stated that, having failed or neglected to do so, insureds are estopped from denying knowledge of the terms or conditions of the policy. *Id*. (*citing Liverpool and L&G Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (Okla. 1902)).

inability of the plaintiffs to articulate  a cause of action against the non-diverse party.  *See also Neill v. State Farm*, et al., No. CIV-13-627-D 2014 WL 223455 (W.D. Okla. Jan. 21, 2014); *Hyman v. Travelers, et al.*, No. CIV-13-820-D 2014 WL 111942 (W.D.Okla. Jan. 10, 2014).

Of course, the present case is no different.  Indeed, the allegations are practically identical.  An Oklahoma court has never imposed a fiduciary duty on an insurance agent to a prospective insured or an established customer, and the facts pleaded here certainly do not warrant extending the law.  As such, Plaintiff has not stated a valid claim against Defendant The Insurance Center.  Therefore, The Insurance Center has been improperly joined and can be disregarded for purposes of diversity jurisdiction.  *See Smoot*, 378 F.2d at 882.

WHEREFORE, for the forgoing reasons, Defendant, North Star Mutual Insurance Company respectfully requests this Court assume full jurisdiction over this case and dismiss Defendants The Insurance Center Agency, Inc., Meridian Claims Services, LLC,  and Wes L. Buell.

Respectfully submitted,


s/ Erin J. Rooney
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER &
ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       jerry@pclaw.org
             erin@pclaw.org
ATTORNEYS FOR NORTH STAR MUTUAL
  INSURANCE COMPANY

20

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

J. Drew Houghton, Esquire
Larry Bache, Esquire
Phillip N. Sanov, Esquire
Derek J. Cowan, Esquire
Sarah J. Timberlake, Esquire
R. Thompson Cooper, Esquire

I hereby certify that on , I served the same document by hand delivery on the following who is not a registered participant of the ECF system:

Tim Rhodes, Court Clerk
Oklahoma County Court Clerk
409 County Office Building
320 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102

s/ Erin J. Rooney
For the firm

21